CALABRESI, Circuit Judge,
concurring:
I believe the conclusion reached by the BOP is, as demonstrated by this Court’s opinion, quite sustainable. I am therefore concurring in that opinion in full (including in its skepticism about some of the arguments made by the BOP). I am also, however, quite sympathetic to the concerns inherent in the opinion of the district court in this case. As the opinion of our Court demonstrates, it would be far from impossible to come out the opposite way. Given what seems to me to be Congress’s intent to give people who are imprisoned significant incentives to behave with “exemplary compliance with institutional disciplinary regulations,” 18 U.S.C. § 3624(b)(1), and given the clear desirability of encouraging such behavior, both for the purposes of prison discipline and for what exemplary conduct might presage for behavior after release, it seems to me highly desirable to read the Good Conduct Time language as broadly as possible. We do owe deference, however, even if only under Skidmore. But I take this occasion to urge the BOP to reconsider its position and, after appropriate hearings, perhaps to issue a regulation coming out the opposite way from what we today approve. Such a regulation would, in all likelihood, be entitled to Chevron deference.